IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| JOHN H. WALDORF, | : | |
| DEBTOR. | : | BANKRUPTCY NO. 16-17473-MDC |

# **MEMORANDUM**

BY: MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE

Before this Court for consideration is the *Debtor's Objection to Proof of Claim No. 1 as Filed by Lisa Waldorf* (the "Claim Objection"),[1] filed by John H. Waldorf (the "Debtor"). By the Claim Objection, the Debtor objects to the lone remaining unresolved component of the claim filed by his ex-wife, Lisa Waldorf ("Claimant," and together with Debtor, the "Parties"), which is for legal fees relating to the Parties' pre-petition divorce (the "Legal Fees"). The Debtor objects to the Legal Fees on the grounds that they do not constitute a domestic support obligation entitled to priority under 11 U.S.C. §507(a)(1)(A), but rather represent only a general unsecured claim. After consideration of the pleadings, relevant law, and the facts in this case, the Court will overrule the Debtor's objection as the Legal Fees at issue constitute a domestic support obligation entitled to priority treatment.

## I.    PROCEDURAL BACKGROUND

On October 25, 2016, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"), together with his required schedules and statements.[2] In his filed Schedule E/F, listing creditors who had unsecured claims against him, the Debtor listed four claims with respect to Claimant, in the respective amounts of $3,913.00, $98,889.00, $775.00,

---

[1] Bankr. Docket No. 16.

[2] Bankr. Docket No. 1.

and $1,398.00.[3] According to the Debtor's Schedule E/F, each of these debts was incurred in December 2012 and were related to "equitable distribution."

On December 9, 2016, Claimant filed a proof of claim (the "Original Proof of Claim") in the Debtor's bankruptcy case, asserting various types of debts in various amounts, but asserting they were "all domestic support obligations.[4]" Consistent with that position, Claimant asserted that $106,000.00 "plus counsel fees and child support" were entitled to priority under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) as domestic support obligations. With respect to the Legal Fees, Claimant asserted in the addendum to her Original Proof of Claim, in relevant part, that "Mr. Waldorf owes me $106,000.00 in counsel fees ordered by the Family Court Judge who tried our case (approximately one third of the fees I incurred during the divorce), which debt constitutes a domestic support obligation and, therefore, has the highest priority."

On December 13, 2016, Claimant amended the Original Proof of Claim by breaking each of the various debts asserted out into separate proofs of claim.[5] With respect to the Legal Fees, Claimant's amended claim (the "Amended Proof of Claim")[6] again asserted a claim of $106,000.00 for "domestic support obligation – legal fees" entitled to priority under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). The Amended Proof of Claim incorporated the attachments filed with the Original Proof of Claim four days earlier.

On February 17, 2017, the Debtor filed the Claim Objection. Relevant to this decision, the Debtor argued in the Claim Objection that the Legal Fees awarded to the Claimant were "punitive in nature, and not in the nature of support." The Debtor argued the Legal Fees therefore cannot be treated as a debt "in the nature of support" pursuant to 11 U.S.C. §507(a)(1)(A). The Debtor further argued that the Legal Fees were discharged in Claimant's own bankruptcy case. The Debtor therefore requested that the

---

[3] Schedule E/F, p. 7 of 11.

[4] Claim 1-1.

[5] Claims 1-2 through 1-5.

[6] Claim 1-3.

claim for Legal Fees be re-classified as a general unsecured claim subject to discharge upon completion of the Debtor's plan pursuant to 11 U.S.C. §1328(a).

On March 24, 2017, the Debtor again filed a series of proofs of claim to amend those filed on December 13, 2016.[7] With respect to the Legal Fees, Claimant's amended claim (the "Second Amended Proof of Claim") asserted a claim of $100,131.34 for "Counsel fees domestic support obligation" entitled to priority under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). Attached to Claimant's Second Amended Proof of Claim is a handwritten addendum reflecting that the original attorney's fee award in the Parties' divorce proceedings, entered on December 21, 2011, was $98,889.34, which had increased to $100,131.34 with the inclusion of post-judgment interest. Also on March 25, 2017, Claimant filed a response to the Objection contending that all of the claims were priority domestic support obligations as defined by §101(14A) of the Bankruptcy Code (the "Response").[8]

On March 30, 2017, this Court held a hearing on the Claim Objection (the "Hearing"). At the Hearing, the Parties advised the Court that they had resolved the Claim Objection with the exception of the claim for Legal Fees. The Court ordered the Parties to file briefs in support of their respective positions on whether the Legal Fees are entitled to priority status under 11 U.S.C. §507(a)(1)(A)-(B). On April 28, 2017, the Debtor filed his supporting brief ("Debtor's Brief").[9] On May 12, 2017, Claimant filed her supporting brief ("Claimant's Brief").[10]

On June 14, 2018, this Court held a status hearing, at which time the Court advised that the Claim Objection with respect to the Legal Fees would be overruled, Claimant's claim would be allowed as a priority claim pursuant to 11 U.S.C. §507(a)(1)(A) as a domestic support obligation, and the Court would issue an implementing order (the "Claim Allowance Order"). The Court entered the Claim Allowance

---

[7] Claims 1-6 through 1-12.

[8] Bankr. Docket No. 20.

[9] Bankr. Docket No. 27.

[10] Bankr. Docket. No. 36.

3

Order on September 19, 2018,[11] and issues this Memorandum in connection therewith.

## II. ADDITIONAL RELEVANT FACTUAL BACKGROUND

The Parties were married on August 28, 1995. Claimant filed a complaint for divorce on April 23, 2007, in the Superior Court of New Jersey Chancery Division, Family Part (the "New Jersey Court"). On December 21, 2011, after substantial litigation including fifteen days of hearings, the Honorable Hany A. Mawla entered an order (the "Order")[12] and a Statement of Reasons (the "Statement of Reasons")[13] ordering the divorce of the Parties, allowing Claimant to retain custody of the Parties' son, and otherwise equitably distributing the Parties' marital property. Of note for this matter, Judge Mawla ordered that the Debtor pay $98,889.34 plus post-judgment interest for counsel fees and costs, an amount representing approximately 40% of Claimant's attorney's fees in the divorce proceedings.[14]

The Debtor appealed the Order to the Superior Court of New Jersey Appellate Division (the "Appellate Division"). On June 5, 2014, the Appellate Division affirmed the Order, including Judge Mawla's award of attorney's fees to Claimant.

## III. DISCUSSION

Resolution of the Claim Objection requires the Court to determine whether Claimant's claim for Legal Fees is entitled to priority treatment as a domestic support obligation. In relevant part, §507(a)(1)(A) of the Bankruptcy Code grants first priority to "allowed unsecured claims for domestic support obligations that, as of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor…." 11 U.S.C. §507(a)(1)(A). Section 101(14A) of the Bankruptcy Code defines a "domestic support obligation" to mean:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–

---

[11] Bankr. Docket No. 70.

[12] Order dated December 21, 2011, attached as Ex. A to Bankr. Docket No. 27.

[13] Statement of Reasons dated December 21, 2011, attached as Ex. 7 to Bankr. Docket No. 36.

[14] Order, Paragraph 19.

4

    (A) owed to or recoverable by–
      (i) a spouse, former spouse, or child of the debtor or such child's
      parent, legal guardian, or responsible relative; or
      (ii) a governmental unit;

    (B) in the nature of alimony, maintenance, or support (including
    assistance provided by a governmental unit) of such spouse, former
    spouse, or child of the debtor or such child's parent, without regard to
    whether such debt is expressly so designated;

    (C) established or subject to establishment before, on, or after the date of
    the order for relief in a case under this title, by reason of applicable
    provisions of–
      (i) a separation agreement, divorce decree, or property settlement
      agreement;
      (ii) an order of a court of record; or
      (iii) a determination made in accordance with applicable
  nonbankruptcy law by a governmental unit; and

    (D) not assigned to a nongovernmental entity, unless that obligation is
    assigned voluntarily by the spouse, former spouse, child of the debtor, or
    such child's parent, legal guardian, or responsible relative for the purpose
    of collecting the debt.

11 U.S.C. §101(14A). Here, the Parties dispute whether the attorneys' fees the New Jersey Court awarded in the Parties' divorce proceedings are "in the nature of support" to Claimant.

  The Debtor argues that the New Jersey Court, in its Statement of Reasons issued in connection with the Order, "detailed many instances during the course of the divorce in which Debtor's behavior would be considered bad faith and caused additional attorney's fees to be incurred by Claimant … Given this situation, the Court sought to sanction Debtor for his behavior by shifting responsibility for fees to him." Debtor's Brief at 3. The Debtor argues that because this fee-shifting was due to bad faith litigation behavior rather than a means to place the Parties on equal footing financially, it cannot be considered "in the nature of support" for purposes of a priority domestic support obligation claim under §507(a)(1)(A). *Id.*

  In response, Claimant argues that the attorneys' fees the New Jersey Court awarded included a bad faith component, "but was also awarded based upon numerous other factors, including Ms. Waldorf's financial needs due to her health concerns and due to Debtor's refusal to honor his court ordered obligations." Claimant's Brief at ¶2. Claimant argues that the Debtor's characterization of the attorneys'

fees award as solely the product of bad faith "ignores the detailed analysis provided by the family court judge in his statement of reasons … The judge's findings clearly indicate that the intention to order defendant to pay a portion of Ms. Waldorf's fees was based upon her needs, even if those needs were exacerbated by Debtor's bad faith, thus making bad faith a component of the fee award." Claimant's Brief at ¶31.

Although the attorneys' fee award was made in a state court proceeding, whether the obligation is in the nature of support for the purposes of the Bankruptcy Code is a question of federal, not state, law. *In re Gianakas*, 917 F.2d 759 (3d Cir. 1990). In *Gianakas*, the Third Circuit Court of Appeals identified the factors that bankruptcy courts should examine when determining whether an obligation is in the nature of alimony, maintenance or support. The Court instructed that the answer depends on a finding as to the "intent of the parties at the time of the settlement agreement." *Id*. at 762. Intent could best be found by examining three principal indicators. "First, the court must examine the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary." *Id*. Acknowledging that the language of any agreement might prove insufficient to derive intent, the bankruptcy court should also look to "the parties' financial circumstances at the time of the settlement." *Id*. at 763. Finally, the bankruptcy court should analyze the function served by the obligation at the time of the divorce or settlement. *Id*. This third inquiry should be limited to the nature of the obligation at the time it was undertaken. *Id*.

Here, the claim for Legal Fees does not arise from a divorce settlement agreement, but rather from the Order entered by the New Jersey Court in December 2011. The Court will therefore look to the Statement of Reasons issued by the New Jersey Court to determine the nature of the attorneys' fees awarded, with the focal point being the intent at the time the obligation was imposed. *See Shirey v. Shirey*, 1998 U.S. Dist. LEXIS 2729, at *9-10; *DeHart v. Miller (In re Miller)*, 424 B.R. 171, 175 (Bankr. M.D. Pa. 2010) (where the obligation is the product of a state court order rather than a settlement agreement, the intent of the state court issuing the divorce decree is substituted for the intent of the parties

6

when making a determination as to whether an award is in the nature of support or is a division of property).

After reviewing the New Jersey Court's Statement of Reasons, this Court believes it is clear that the intent in awarding Claimant a percentage of her counsel fees was that the award serve as support for Claimant. While there is no doubt that the award was prompted in part by the bad faith conduct of the Debtor during the divorce proceedings, the New Jersey Court's decision was inarguably guided by the nine-factor test set forth in Rule 5:3-5(c) of the Rules Governing the Courts of the State of New Jersey. Statement of Reasons at 243 ("The Court's decision is governed by Rule 5:3-5(c) which has factors in it that the Court must analyze."). That rule, governing the award of attorney fees in civil family actions in New Jersey, permits a court, in its discretion, to

> make an allowance to be paid by any party to the action, including … on any claim for divorce, … support, alimony, custody, parenting time, equitable distribution … In determining the amount of the fee award, the court should consider … the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of the award.

N.J. Court Rules, 1969, R. 5:3-5(c).

The New Jersey Court applied each of these nine factors in determining that the Debtor should be responsible for a portion of Claimant's fees, but clearly viewed the attorneys' fees award as necessary to support Claimant given the disparate financial circumstances between her and the Debtor.

> First, the financial circumstances of the parties. Plaintiff's financial circumstances are dire. Her income is limited. She will be homeless if the defendant doesn't pay support. She has substantial expenses and no means to pay her attorney's fees. The defendant's costs are minimal. He has a partner who defrays and bankrolls his expenses and he has the means to earn in the mid six figures of income. This factor weighs in favor of the plaintiff.

7

Statement of Reasons at 243. The New Jersey Court also found that Claimant "ha[d] no ability pay her own fees or contribute to the defendant's." Statement of Reasons at 243. Addressing the fees incurred by both Parties, the New Jersey Court found that Claimant had incurred fees of almost $210,000.00, while the Debtor had incurred only $62,548.00. Statement of Reasons at 249. The court found that this disparity weighed heavily in favor of the Debtor contributing to Claimant's fees. Statement of Reasons at 249. Furthermore, in considering whether there were any factors, other than those expressly enumerated in Rule 5:3-5(c), weighing in favor of shifting Claimant's counsel fees to the Debtor, the court observed that Claimant's former counsel was pursuing her for the fees and, to avoid the imposition of liens on her home, she was required to liquidate her 401(k). Statement of Reasons at 252.

The New Jersey Court did not award Claimant a portion of her counsel fees only as a punitive measure for the Debtor's bad faith conduct in the divorce proceedings. Rather, an examination of the Statement of Reasons makes clear that the court intended the award to help offset the extreme hardship that Claimant's counsel fees would present to her. The first factor under *Gianakas* weighs in favor of a finding that the fees are "in the nature of support" and therefore constitute a domestic support obligation.[15]

Although the Court believes the language of the Statement of Reasons is sufficiently clear to derive the intent of the New Jersey Court in awarding the attorneys' fees to Claimant, the Parties' financial circumstances at the time the Order was entered also supports the conclusion that the award was in the nature of support. As discussed above, in awarding the attorneys' fees the New Jersey Court made

---

[15] The Court rejects the Debtor's argument that the attorneys' fees award cannot be in the nature of support because "support was already provided for by the family court in the areas of permanent alimony and child support." Debtor's Brief at 4. The fact that the New Jersey Court separately provided for alimony and child support does not bar the conclusion that the attorneys' fees award was also in the nature of support, particularly given the New Jersey Court's stated reasons for awarding it. The Debtor selectively relies on one sentence from the Appellate Division opinion affirming the Order stating that "Here, even though once support has been paid there is no disparity between the parties' incomes, defendant's continuous and severe bad faith makes the court's decision to award counsel fees reasonable." Debtor's Brief at 3. The New Jersey Court clearly did not rely only on the Debtor's bad faith in making the award, a fact which the Appellate Division also acknowledged but the Debtor ignores: "We conclude that, among other factors, plaintiff's great need, defendant's ability to pay, and defendant's extreme bad faith warrant the award granted." *Waldorf v. Waldorf*, 2014 N.J. Super. Unpub. LEXIS 1297, at * 21 (N.J. Super. Ct. App. Div. June 5, 2014). Moreover, this Court is persuaded that the relevant inquiry is not the grounds on which the Appellate Division affirmed the New Jersey Court's Order and Statement of Reasons, but rather this Court's focus should be on the Order and Statement of Reasons. The Third Circuit has made clear that the nature of an obligation should be determined by reference to the time at which the obligation was created. *Gianakas*, 917 F.2d at 763.

clear that Claimant's financial circumstances were dire, with limited income and likelihood of homelessness without the Debtor's support. Statement of Reasons at 243. The court observed that Claimant had substantial expenses and "no means to pay her attorney's fees." *Id.* Furthermore, as the result of the Order, Claimant would be solely responsible for raising the son of Claimant and the Debtor. By contrast, the Debtor "ha[d] a partner who defrays and bankrolls his expenses" and had the ability to earn a very significant income. Statement of Reasons at 243. As such, at the time of the Order awarding Claimant attorneys' fees, the Parties' respective financial circumstances supports the conclusion that the award was in the nature of support. *Gianakas*, 917 F.2d at 763 ("The facts that one spouse had custody of minor children, was not employed, or was employed in a less remunerative position than the other spouse are aspects of the parties' financial circumstances at the time the obligation was fixed which shed light on the inquiry into the nature of the obligation as support.").

Finally, the Court also finds that the third factor *Gianakas* instructs bankruptcy courts to consider, *i.e.* the function served by the obligation at the time it was created, supports a finding that the attorneys' fees are in the nature of support. Although the New Jersey Court did not expressly state that the fees were being awarded to serve as insurance that Claimant would be able to maintain daily necessities for her and her son, it is evident that the court was concerned with the impact the fees would have on her existence. In the context of awarding Claimant fees, the court noted that, absent support from the Debtor, she would be homeless. Statement of Reasons at 243. The court also noted that Claimant's income was limited and her expenses substantial. Statement of Reasons at 243. This Court believes that these stated reasons for awarding fees to Claimant reveal the function the New Jersey Court intended they serve – to enable Claimant and her son to keep their heads above water without the crushing effect of very significant legal fees, caused in large part by the Debtor's bad conduct in the divorce proceedings.

The Court concludes that, after application of the *Gianakas* factors to the facts here, the attorneys' fees awarded to Claimant were "in the nature of support," and her Legal Fees claim is entitled to administrative priority pursuant to §507(a)(1)(A). Furthermore, the Court rejects the Debtor's argument that, even if the Legal Fees claim is entitled to priority status, it should be reduced by

$15,000.00, representing the amount of attorney's fees discharged in Claimant's personal Chapter 7 bankruptcy. The Debtor offers no authority in support of this argument. The discharge of a portion of Claimant's debt to her former counsel does not represent a discharge of the Debtor's debt to Claimant. The two debts are mutually exclusive. Claimant's debt to her former counsel arose out of a contractual relationship, while the Debtor's debt to Claimant arose out of the New Jersey Court's Order. The latter is a domestic support obligation, not subject to reduction based on the discharge of a portion of Claimant's debt to her former counsel.

### **CONCLUSION**

For the reasons discussed above, this Court will overrule the Debtor's objection to Claimant's claim for Legal Fees, and allow the claim in full as a domestic support obligation entitled to priority payment under §507(a)(1)(A).

Dated: October 15, 2018

_____
HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Patricia M. Mayer, Esquire
Waterman & Mayer, LLP
301 Oxford Valley Road, Suite 203B
Yardley, PA 19067

Lisa Waldorf
2321 Fitzwater Street, Apt. 310
Philadelphia, PA 19146

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107